Good morning, Your Honor. Can everyone hear me? Yes. Thank you. Again, it's a done a fair number of arguments, but this is the first one in this setting, so I may appreciate your indulgence to make sure everybody can hear me and I can hear the court this morning. Okay, may it please the court, we represent Scott Philip Flynn. We reserve four minutes for rebuttal. We believe the district court should have the withdrawal of our client's plea, and it wouldn't be before the court today. If the withdrawal had been permitted, the court could avoid, and still can avoid, weighty constitutional issues. Where before the court you have to review as a fatally flawed change of plea proceeding, where the elements of a client conspiracy, whatever they are, whenever the court decides they are, were absent. Basic factual issues as to when income was created, whose income it was, what value, what amount, capital gains versus ordinary income, were either disputed or disputed right after the change of plea hearing and well before the sentencing. Basic disputes by the time of sentencing included whether the house at issue was our client's house, whether there was any income, whether there was a scheme. In our view, the liberal standard for withdrawal plea should have been followed and the plea should have been permitted to be withdrawn. One of the basic problems in the case, which created unfairness from the beginning and continued, is it's not clear that Mr. Flynn knew what he was supposed to, what the charge he was supposed to defend. The government changed their theory a number of times. They started with a special agents report, which was provided, which showed a loss of a quarter million dollars. The charging document changed the amount of shares sold from 13 million to 10 million. At the time of the plea, it's 15 million. The tax loss went from a quarter million to three and a half to a nine and a half million dollar guideline range, to 1.2 million dollars at sentencing under one methodology, to 12 million dollars outside the agreed-upon guideline range on another methodology. The government argued that the client had dominion and control a technical tax term over 15 million dollars, but conceded at sentencing that for a significant portion of the fund, six million dollars, he did not. Embedded within this is various theories of when incomes created, by whom. The government's changing theory certainly did not help and again created in our view an element of unfairness from the proceeding from the beginning. The court may upset argument because of the, our argument, our claim about Maranello. I turn to this for a second. We believe it's clear, we're going to argue today, that 371, a common law statute arising out of the tax code at its inception before it got moved to title 18, is an obstruction statute. The government charged obstruction here. The language in the indictment is impeding, impairing, obstructing, and defeating. That Mr. Flynn allegedly did with his father and others. Maranello, we think, is directly on point. Albeit dealing with a different statute 7212. That also was ruled to be an obstruction statute and the Supreme Court said you had to obstruct a person or thing. The court held it was limited to targeted acts of administration and used the term that there had to be an official duty involved. We looked up before the argument, obviously, several, several things, uses the term function because the only difference in the two stations is administration of justice or lawful government function. And under lawful government function, that is also defined as an official duty. We think the definitions between 7212 and 371 are identical and to save the statute from unconstitutional overbreadth, it must be construed the same way. We also contested the restitution order. We believe it's clear the restitution must be based on actual loss, not on intended loss, and there was no actual loss here. The government conceded there was a proxy figure and the district court conceded that there was a quote fair figure. And we also argued on that the organizer leader adjustment could not apply because based on the change of plea hearing, it is clear that Mr. Flynn did not agree that he managed anybody and he did not control anyone and therefore the four-level adjustment should not have applied. To the extent I don't reach any of our positions today, we will rely on our papers. The charging document in this case was issued only 30 days before the discharging document, as I noted, kept migrating. It was 13 millions of shares sold and a prior to charging document was only 10 million in this charging document. Of critical importance for this case, among other things they changed, agreed that for the sales of stock shares it would be capital gains treatment when we get to sentencing. It's not capital gains treatment. The underlying premise again were two reverse mergers. We view this as really a securities case where taxes were a secondary consideration. Your arguments with respect to the the changing nature of the tax loss seems to me to lose steam when the amount was negotiated as part of the plea agreement. It was stipulated to. It was stipulated to but we again the client we moved to September and October in the PSI, Your Honor, which was before the district court judge, who never ruled on this. There's a dispute as to everything. It is a dispute as to the guideline range. There's a dispute as to the House. There's a dispute as to the Dominion control and that is one of the vices and why the plea should have been withdrawn. That whatever the agreement was or everybody thought it was going to be in June when the government produced additional discovery and these spreads of the numbers it became clear or we believe it came clear to prior counsel that it wasn't clear what was income. It wasn't clear how income was created. The government had three different theories here. Theory number one was income was created when shares were issued. Theory number two was income was created when shares were sold. And theory number three was income was created when money came back into the United States and they're inconsistent theories. So by the time of the district court accepted and used the district court did, the court did not permit the withdrawal, did not resolve the issues in the PSI either about the dispute over the amount of the tax laws. The court just assumed it was a 3553A factor when the PSI said itself it was something for the court to determine at sentencing. So that whatever was whatever was agreed to or not agreed to back in June, by September, October, and December and if the entire plea agreement had fallen apart and there was no agreement as to anything. There was no agreement as to the elements. There was no agreement as to the laws. There was no agreement at the house and count three was Mr. Flint's house which by the way is subject of separate proceedings today. The government is seeking a by separate litigation to determine that the house is his and can be used for purposes of restitution and we asked the court to reverse the restitution order which would move that proceeding at least for the moment and this change in theory in this change procedure we think at the inception made the proceedings so flawed that whatever happened in June should not have been permitted to continue after December. Let me let me shift back. Can I let me ask about Maranello. Has any court applied Maranello to section 371? This is the first appellate court to consider the issue your honor. The lower court as you know did not and relatively gave it relatively short shrift and let me turn to I'll turn to that and the two other district courts which have ruled upon it to our knowledge is only in three lower courts and one of the other district courts relied on the judge's opinion here. We think as the court is true by the way we don't think the court has to overrule Derazinski in order to reach this issue. Derazinski would fit with our view that there has to be a nexus between a proceeding and the underlying events and in Derazinski the defendant in that case lied to the agents who interviewed them. So in our view the court consistent with Derazinski can still find there's a nexus requirement now post Maranello about having to overrule its prior decision. So when you go back to it's a I think all the courts agree on that which is the major vice we're not supposed to have common law crimes. First to have crimes created by Congress and not crimes created by the court and the first Supreme Court case which gets to the issue here decided that the crime was so broad that they had to have an obstruction or impeding element to the crime that was Haas versus Henkel. The next case Hammerschmidt decided you had to have a element in the crime which by the way none of that was reviewed at the change of plea hearing. Whatever this court's position on the elements of the offense and this court has a case which has two elements it cites cases with three elements the Copeland case as we cited in our papers has four elements and whatever the elements were none of that was reviewed at the change of plea hearing none of it and when you get past Haas versus Henkel in the history the term obviously came from a case of the Second Circuit called Klein which was criticized by a later Second Circuit case called Copeland and the government makes a big thing out of the Copeland case by saying that the Supreme Court didn't take cert then didn't take cert then because most of the underlying convictions were reversed if I by their construction of the of the of the offense which takes you up to Maranello also on obstruction statute also in the that you're focusing on conduct against a person and administration they made it clear that you're focusing on conduct involving a involving a involving in the function of the agency and not and you have to get to something not in the vacuum but something after the agency has begun some proceeding and the only difference is between the way this case was charged versus obstruct and defeat and the way Maranello was charged with obstruct and defeat are you administration of administration or lawful government function so you're really down to the word administration and you're down and comparing that word to function and in our view when you use a simple dictionary definition of each which is what the Supreme Court did in Maranello and we've done you know as part of our pray our pleadings you get to the same the same word which is a and therefore the has to be construed in identical fashion both statutes and if you can screw the statutes in identical fashion it's clear that there's nothing that was pre-colloquy about Nexus was nothing happening after the investigation started there's nothing and the pre-colloquy of anything after 2012 and there's nothing as the charges simply as to count one can't cannot stand let me take a minute on count count three the in terms of the withdrawal I want to focus since I'm running out of time already let me focus on everything that happened after the play the government said it was an ordinary proceeding it is clear that by September and submissions the pre-sentence investigator and in the PSI in October everything had been disagreed with every fact in this case we're from which the court had accepted the plea had been disagreed to when the case law recited was that you have to have a plea to the facts continue at the time of sentencing not just change of the plea and the court and it was deference ignored everything that happened everything had been disagreed to at the time at the by the time of the plea and should have permitted the plea to be withdrawn at the change of plea hearing the court the district court permitted the government to introduce numbers which were outside the guideline range they introduced a spread of numbers at 13 billion dollars and they did that before the courts obviously sense so the court knew the government allegedly had agreed to three and a half to nine and a half but said had a spread higher than that to make it look like in our view it was fair to sentence at a high rate high portion within the range and in the 87 month was given let me just take a minute since I'm let me take a minute on restitution and the role in the event the role in the offense let me actually I've got let me tell me back up one step here's what we think should have happened at the plea since I have I see I'm down I had two full minutes left is what whether play with the place should have gone the court should have outlined the it is and how much why is mr. Flynn responsible for the income especially for his father's companies which were freestanding C corporations and the like we put him on his tax returns what does dominion and control me it's a technical tax term and again when you look at the transcript the government agreed that mr. Flynn didn't have dominion control over the full 15 million at least six million dollars remain to absorb 12 years after the underlying offense and none of that was done in our view if you look at the conduct or the government professes that they don't have to deal with a loss for a client conspiracy all you have is an alleged use of nominees which are holding shares of stock offshore and now in our view that's not enough either pre maranello or post maranello to support a client conspiracy all it is is making the government's difficult that's not a client that's the vice of the statute now I'm going to shift over to restitution for a moment and then the role in the offense for restitution we note the justice Gorsuch just recently felt that restitution has to be determined by a jury so you have at least two justices were aware of Thunderhawk but where there's two justices up at the Supreme Court review it as a Sixth Amendment violation not to have a jury for restitution and justice Gorsuch in his recent opinion is denial from cert grant stated that if it's not a Sixth Amendment violation it's a Seventh Amendment violation so if it's not criminal it is still we have a right to jury trial for that and when you preserve those issues and the court we believe has to reach that on the merits it's easier then you don't have to reach it when the merits it's an actual law statute not an intended law statute the court found a proxy here a fair number of what they thought the the number the law should be the special agent said it wasn't a quote real number that it was a proxy was a proxy number and it was a number to fit within the guideline range and that just doesn't work when you have an actual law statute we decided we cited Sheffield in that position which is new 11th Circuit case and we think that if anything is clear on this record that the restitution has to be the restitution order has to be reversed and then you go to organize your leader if the plea when the plea was at the plea colloquy itself mr. Flynn said he was dealing with an to the nominees and even if there is an organizer leader adjustment to be applied it can't be a four level adjustment you don't have you know is less than five people at most he's talked about being involved with one person there's no finding on otherwise extensive there's no finding on control and there's no finding on management whether he managed anyone so based upon all that we thought that the organizer leader adjustment was improper as well and mr. Comiskey I know yes into your rebuttal time do you wish to reserve some yes let me stop now I thought I thought that was the direct I will stop now thank you that's your total time thank you Ron I'll stop very well thank you court I'll hear from the government please the court mr. Kaminsky good morning your honors David generic assisting United States attorney in the District of Minnesota on behalf of the government my endeavor here this morning as always is to be helpful to the court so I certainly welcome inquiry as I know you will make in areas that may be of particular concern or I'd certainly welcome a start with those areas but otherwise I'll in with a couple of general observations on mr. Comiskey's argument and then review some of the legal and factual issues in the case generally speaking I think mr. Comiskey's argument demonstrates why please plea agreements how he's conducted by the district court should not be treated empty letter this case was subject to a speaking indictment of 24 pages second superseding indictment the agreement an extensive factual basis a rule 11 colloquy by the court followed by inquiry by the government and a series as judge Grunder pointed out of stipulations entered into by the parties which both the government and the court honored and the fact that defendant brought a change of a motion to withdraw plea later and now on appeal seeks to disavow essentially everything that happened of course is neither unusual when defendants seek to withdraw plea nor determinative in this case I think I would begin by addressing the restitution and organizer leader issues because I think they would be brief absent any questions from the court and then turn to the withdrawal plea and the Maranello issue with respect to restitution two points first there are two justices in a denial of a cert petition in Hester who indicated they may like to take a look at whether restitution is a jury question but this circuits law is Thunderhawk which this which is not only correctly decided under Supreme Court precedent but this panel would have no authority to overturn and conjecture about what the Supreme Court would do with an accepted cert it's not a basis certainly to revisit Thunderhawk or controlling precedent from other courts a site by defendant is best release case and deals with the increase of a statutory mandatory minimum which of course is right in line with Randy Lane they has no bearing here secondly with respect to calculation of restitution as the court noted the parties stipulated in right the agreement verbally at the change of plea that 15 million dollars would be the amount of unreported income for purpose government under that agreement the court adopted and accepted that stipulation this court's law is that the parties could sit you straight out the amount of restitution no calculation the court could accept it and this court would affirm because defendant would have waived his right to challenge restitution having agreed to an amount and the court could look at cases like McGee at 742 Fed appendix 160 and case like prosper at 163 Fed third 604 both where you enforced stipulations with respect to restitution now there was back to the stipulation once the 15 million was used calculate restitution was calculated to the penny five million three hundred ninety two thousand four hundred forty two dollars and eighty seven cents it's true that the government provided the court with other alternative ways to calculate restitution the court did not adopt them the court did not abuse its discretion by maintaining the party stipulation and the calculate and adopting the calculations of the agent by a preponderance of the evidence the other eventualities or alternatives provided by the government were appropriately provided were not adopted by the court and like in any complex fraud case there are a number of ways you could go about calculating both loss and restitution but the district court did not err here unless their questions on restitution your honors with with respect to organizer leader the defense again ignores that the defendant stipulated to the enhancement the government cited the long case in its brief more recently I think after briefing closed in this case in United States versus Kugma and I believe judge Cobus was a member of that panel it's KUG MEH it's found at 932 Fed third 1195 a 2019 case this court enforced a stipulation as to loss amount and sophisticated means end of story did no further analysis the district court did not air much less clearly so in abiding by the stipulation of the parties and the Lomas case cited by defendant in his reply brief is not to the contrary in fact the court in that case says there was an adequate factual basis but moreover we don't even have to reach it because the defendant stipulated to to the enhancement in this case an adjustment if the court wanted to review the record with respect to folks who were led by mr. Flynn the court could review paragraphs 15 and 16 of the of the PSR which indicates his direction of both his father and of mr. Miyadi but again that this case is decided by the fact that the defendant and the government stipulated to those enhancements unless there are questions on organizer leader your honors I would turn to withdraw plea with respect to withdraw plea first of all with respect to standard of review defense is right in the reply brief to point out that the gray case demands a de novo review of whether the plea was knowing involuntary and the government wasn't Aaron it's brief not to highlight that the general standard of review is abusive discretion as to whether the district court abused its discretion in denying the motion to withdraw but on the particular ground of whether the plea was knowing this court makes a de novo review the ultimate inquiry then would be whether district court abused its discretion when upon de novo review it denied the motion because it determined that the defendant's plea was knowing so the government recognizes that the knowing state that de novo standards applies to the knowing sub issue all the rest of the claims are under an abusive discretion standard I think I could turn either now the general legal principles that control withdrawal plea or the record in this case but because I think mr. Kaminsky's argument really focused on collapsing a whole host of a factual and legal issues and really begging the question as to whether he was whether the defendant understood the nature of the plea I'd like to start with the record the record in this case convinces the court the defendant understood the nature of the plea that is that the district court both substantially complied with rule 11 and that under de novo review he understood the nature of the charges it's simply not true that he wasn't advised of the elements of the offense because the elements of the offense in the context of the facts of this case are embedded in the indictment and the district court read both the operative parts of count one and count three to the defendant at the change of plea in so doing what the indictment provided with respect to count one and this is on page three of I'm sorry on paragraph 16 of the second superseding indictment it provided the where the when the what the who the why and the how so remember that 371 simply prohibits conspiring to defraud the indictment did not simply parrot the statutory language here instead the indictment was a full-throated client conspiracy allegation alleged in the context of the facts of this case and Judge Montgomery an experienced judge read that those facts in that context to defendant that is the indictment alleged and defendant was advised that he committed this crime between 2005 and 2015 that he committed it in the state of this in District of Minnesota and elsewhere that he agreed to defraud the United States that he entered that agreement with Mr. Meade and with his father Philip Flynn that the reason he entered the agreement was to impede the assessment of revenue by the IRS and that he accomplished that agreement by deceitful and dishonest means when the defense suggests that there was no reference to the Haas and Hammersmith elements for example impairment of any government lawful function under Haas and use of deceit craft trickery or at least means that are dishonest under Hammersmith it's just patently not true the indictment explicitly alleges those elements and the defendant was explicitly advised of them at the change of plea hearing moreover the court has before it and it's appropriate to review the plea agreement that the defendant signed in this case which has a two-page factual basis which lays out in significant detail the manner and means the overt acts and defendants participation in the conspiracy he not only signed the plea agreement but he also rememorialized at the change of plea hearing that he committed those acts and he admitted made him guilty of section 371 violation as well as the 7206 the court also has the colloquy with this court also has the colloquy with the district court to convince itself that the defendant understood the nature of the charges as the government reviewed in its brief the colloquy was thorough it directly engaged the defendant and inquired both about his opportunity to consult with his counsel that he'd had enough time to do so and he was satisfied with this counsel it advised him as the specific nature of the charges as alleged in the indictment indeed verbatim from the indictment which provided the context and facts of the case and it allowed a complete inquiry on the factual basis by the government offering opportunity for the defense as well it offered ample opportunity defendant to ask any questions and indicate if you if he was confused at any time your honor the surrounding circumstances regarding it also should convince this court that he understood the nature of the charges that is the court did inquire his education notwithstanding the impairment of the defense reply the defendant engaged not only in these sophisticated offenses which by their very nature require intelligence and in complexity but also previously committed securities fraud another sophisticated case that summarized in the government's brief and this course prior opinion and otherwise presented in all the ways the court asked is someone who comprehended what was going on how does this relate to the law of this case with respect to withdraw the law test to determine whether the defendant understood the nature of the charges in relation to the facts the court under a noise ma and marks looks at whether the indictment gave notice of the charges whether the court or counsel discuss the charges with the defendant and any other facts in the record that convinced the court that the defendant understood the nature of the charges those for the reasons I just outlined it really satisfied in those case cases those standards now I suggest the defendant in this briefing wants to suggest that marks of this court and the sile case from the Sixth Circuit I believe or fourth demonstrate two things one that you're required to read the indictment and two that you're fired to read the elements first of all marks doesn't say that Mark says the court neither read the elements nor nor read made a verbatim reading of the indictment and in footnote 5 what Harvey says and so I'm talking about Harvey what Harvey says is look you may not to need name need not to make a verbatim reading of the indictment but you've at least got to explain the essence of the charges and here the court complied with footnote 5 in Harvey the court read verbatim the indictment but it went further than that as well and the record in context goes further than just a verbatim reading verbatim reading of the indictment and I note in Harvey this court ultimately found that the police were knowing based on the fact that the defendant represented to the court that he had read the defendant read the indictment and understood the charges that's all the court required in Harvey was that the defendant say he understood the charges had gone over them with his attorney and the attorney believed he understood the record here goes beyond what this court accepted in Harvey with respect to annoying annoying plea Nuisma and marks marks is after Harvey it cites Harvey make clear that the court need not make verbatim reading of the indictment nor read the elements now in this case the court read the indictment that includes the elements but but certainly this court doesn't require either or to satisfy rule 11 or a knowing plea as to site style before turning to Merrick now though I really would direct attention to footnote 3 in the style case which of course isn't controlling but footnote 3 contains the entire plea colloquy in that case and the inquiry made by the court was the extent of the rule 11 colloquy by the court it otherwise relied on the prosecution to lay a factual basis the record in this case far goes far beyond style where the court determined that that wasn't sufficient under rule 11 mr. Gingrich did the plea agreement contain a listing of the elements of the offense and frequently that's in a plea agreement your honor it did not contain a listing of the elements the offense and I certainly defer to the court's experience obviously circuit-wide I will say in our district it's not typical that the plea agreement includes the elements the plea agreement again is is corroboration or substantiation of the colloquy conducted by the court with respect to the indictment which does allege all of all of the elements that there was an agreement that there were overt acts that there was fraud and the like but no directly to your generous question no with the court unless the court has other questions or questions with respect to nature of the plea I'd turn to the Maranello argument your honors with respect then to Maranello and 371 we don't first of all the standard of review is plein air and the record is clear that he that that Flynn raised this argument below in the standard of review isn't dispositive here the district court was right under either standard but I would direct the court to page one of district court docket number 116 that's the district the defendants memorandum in support of his motion below where he identifies his claim is the fact that Flynn pleaded guilty to a crime that did not properly state an offense after Maranello to footnote six of that same filing district court 116 where he concedes he should have brought this rule 12 claim earlier and to the district court's order that treats his Maranello claim as a failure to state an offense the class case doesn't affect the standard of review that merely says if you plead guilty you don't waive your right to challenge the constitutionality of the statute we're not arguing waiver we're arguing plein air and Ross now doesn't apply because that was decided before rule 12 was amended to require that the failure to state a claim be brought before trial now as to Maranello the Supreme Court has told us what 371 needs and this means and this court doesn't have to resort to Maranello 371 simply states if you conspire to defraud the United States in any manner or for any purpose and commit an overt act you're guilty what the court has said in Haas and Hammersmith is they've told us what that means it means you don't have to defraud as to specific money or property and I note that notwithstanding mr. Kaminsky's argument loss is not an element of these of 371 offense but it says you've got to impede impair or obstruct a lawful government function and Hammersmith says in doing so you've got to use deceit trickery a craft or at least means that are dishonest if this court were to hold that also means you require an access this court would be telling the Supreme Court what it meant when it set forth the elements of 371 the Supreme Court has told us what it meant the Copeland case out of the Second Circuit was right we've got a hundred years of Klein and and 371 jurisprudence and if the Supreme Court wants to decide that has that in Haas and Hammersmith they actually meant that you need an access to administrative proceeding they need to tell us but they haven't done it and Maranello neither explicitly or implicitly overrules Supreme Court precedent the discussion of starry decisive I breathe and that the Supreme Court seems more willing to overturn its own president precedents is interesting but it still requires the Supreme Court at this court to act really with respect to Maranello I would largely stand on the government's brief Maranello is a it doesn't even rehearse the the vagueness standards and it is closely tethered to the statutory language of 72 12 and it finds really its entire force of reasoning is related to the context of that statute in the fact that 72 12 is linked to specifically identifiable persons or property and the court construes the textual language of the do administration of this title as well as the legislative history to confirm that when we're trying to figure out what do administration of this title means in context it means you're directing it at a specific administrative proceeding because that's what the rest of the statute is devoted to and that's what the legislative history demonstrates 371 doesn't have any of those limitations and Haas and Hammersmith don't impose any such limitations I really because I only have 53 seconds left I really want to make sure I do address any concerns the court has on Maranello or 371 so are there unless there are any questions the court has it would otherwise rest on the government's submissions very well hearing no questions Thank You mr. young rich mr. Comiskey it looks like your microphone has been muted you might want to take that off yeah I think your microphone good thought thank you I'd like to ask you a question just to spread out of the box though your Maranello argument is the context of that that it is in support of your motion to withdraw the or the the withdrawal of the plea argument or is that an appeal of a denial of a motion to dismiss what what exactly is the context of that our context was in connection with the motion to withdraw the guilty plea because our position wasn't is that he could not plead guilty to something to which is not a crime and we believe it's from our papers we raised it sufficiently it's not plain our review that if anything is clear that's clear in this case your honor this is a different day you have a exact language obstructing defeat which has been in this statute which is even broader than 72 12 and I don't and we don't believe the court can just say that's a 72 12 interpretation as opposed to a 371 interpretation when the government charts the same exact language with obstructing defeat the only word which is different is administration versus function and they're defined identically just by dictionary terms so we think that you should have been withdrawn because it was the client that certainty was innocent there's no prejudice to the government the government knew about it by September and certainly by October after the change of plea and it's supposed to be a liberal standard the court has to reach that issue and it's again a different day in our view and based on now now there's no way to withhold or hold with hold up anymore at 371 Klein conspiracy on these facts but the government the problem with the statute is the court knows is it you don't need a tax laws you know there were arguing about nominees here there's certain person in Orlando when before you open the theme park and put all the property by two nominees it's not enough to create a five-year felony and for an individual to end up with 87 months here on restitution there they're reading a different plea agreement let me shift to that briefly the plea agreement talked about what the IRS could do it didn't adopt this the tax laws didn't adopt the guideline range it said that the IRS could assess and that the court could impose restitution there was no agreement at all they could make up a proxy number or make up a quote exact number to fit the fact fit the facts and when they say they complied with the plea agreement they change everything they argued that acceptance wasn't valid they changed came up a 13 million dollar number at the sentencing and that wasn't accurate either and I see I'm out of time very well thank you mr. commiss thank you mr. Genrich we appreciate your arguments today and your your briefs the case will be submitted and decided in due course